IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RONDA L. MARSH,<br><br>    Plaintiff,<br><br>vs.<br><br>LOUIS P. CAMPANA, JR.,<br><br>    Defendant. | 4:17-CV-3001<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's motion for default judgment (filing 22). The Court will hold the plaintiff's motion in abeyance for a hearing on damages, pending disposition of the plaintiff's appeal with respect to her claims against the other defendants.

DISCUSSION

When a default judgment is entered, facts alleged in the complaint—except as to damages—may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id.* Therefore, it is incumbent upon the Court to ensure that the unchallenged facts constitute a legitimate cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53. And then, even though the allegations of the plaintiff's complaint are admitted, *see id.*, it is still necessary for the Court to determine the plaintiff's damages based upon the evidence. *See*, Fed. R. Civ. P. 55(b)(2)(B); *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

So, the task for the Court is, first, to consider the allegations of the complaint to ensure that the plaintiff has stated a legitimate cause of action with respect to each of her claims for relief. Then, the Court must consider whether the plaintiff's damages can be determined based on the evidence that has been presented in support of its motion.

The defendant was a corrections officer for Phelps County, Nebraska. Filing 1-1 at 3. The plaintiff was incarcerated in the Phelps County Jail. Filing 1-1 at 4. She alleges that while she was incarcerated, the defendant sexually assaulted her. Filing 1-1 at 6. Her complaint asserts a claim against

the defendant based on 42 U.S.C. § 1983 and the Eighth Amendment. Filing 1-1 at 9.

The Eighth Amendment prohibits cruel and unusual punishment and provides a right to safe and humane conditions of confinement.[1] *Brown v. Fortner,* 518 F.3d 552, 558 (8th Cir. 2008). A claim under the Eighth Amendment requires the plaintiff to show a denial of safe and humane conditions resulting from an officer's deliberate indifference to a prisoner's safety. *Id.* Deliberate indifference requires more than mere negligence, but does not require acting for the purpose of causing harm or with knowledge that harm will result. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994).

Sexual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries. *Berryhill v. Schriro,* 137 F.3d 1073, 1076 (8th Cir. 1998); *see Williams v. Prudden,* 67 F. App'x 976, 977 (8th Cir. 2003). And while the assault is not described in detail in the complaint, that information is in the record, and the defendant's conduct was highly abusive.[2] *See* filing 11-19 at 3-4. The Court finds that the plaintiff has stated a claim for relief. *See Williams,* 67 F. App'x at 977-78.[3]

Damages in a § 1983 case are ordinarily determined according to principles derived from the common law of torts. *Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 306 (1986). Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as personal humiliation, and mental anguish and suffering. *Id.* at 307; *Coleman v. Rahija,* 114 F.3d 778, 786 (8th Cir. 1997). Evidence of physical pain and suffering may support an award of compensatory damages in excess of any actual out-of-pocket expenses. *Coleman,* 114 F.3d at 786-87. And punitive damages may be assessed when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous

---

[1] It is not clear whether the plaintiff was a convicted inmate or a pretrial detainee, but the Fourteenth Amendment gives state pretrial detainees rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner. *Walton v. Dawson,* 752 F.3d 1109, 1117 (8th Cir. 2014). Accordingly, Eighth Amendment standards are sufficient to establish the plaintiff's claim for relief. *See id.*

[2] The Court notes that 42 U.S.C. § 1997e is not applicable here because the plaintiff is no longer a prisoner. *See Royal v. Kautzky,* 375 F.3d 720, 724 n.2 (8th Cir. 2004). But the defendant's conduct nonetheless clearly met the definition of a "sexual act" within the meaning of § 1997e and 18 U.S.C. § 2246(2)(C).

[3] In addition, while qualified immunity is an affirmative defense that the defendant has failed to assert, *see Smith v. City of Minneapolis,* 754 F.3d 541, 546 (8th Cir. 2014), "[a]ny reasonable corrections officer would have known . . . that sexually assaulting an inmate would violate the inmate's constitutional rights[,]" *Williams,* 67 F. App'x at 978.

indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983); *see Schaub v. VonWald*, 638 F.3d 905, 924 (8th Cir. 2011).[4]

But such injuries are essentially subjective. *Coleman,* 114 F.3d at 786. Accordingly, while the Court will grant the plaintiff's motion for default judgment, the Court must hold a hearing to determine the amount of damages. *See* Rule 55(b)(2)(B). But the question is, when should such a hearing be held? A default judgment against one defendant does not preclude a codefendant from contesting the plaintiff's claim. *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 432 (8th Cir. 1992). So,

> [w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants.

*Id.* at 433. The plaintiff's claims against the nondefaulters have been disposed of on summary judgment, *see* filing 23, but that decision has been appealed, *see* No. 4:16-CV-3032 filing 31. And a successful appeal would put the Court in the position the Eighth Circuit, in *Pfanenstiel*, cautioned against.[5] It is better to have the codefendants' liability finally established, one way or the other, before making any determination as to the plaintiff's damages. *See id.* Accordingly,

IT IS ORDERED:

1. The plaintiff's motion for default judgment (filing 22) will be held in abeyance.

---

[4] Punitive damages are awarded to punish the defendant for his willful or malicious conduct and to deter others from similar behavior. *Stachura,* 477 U.S. at 306 n.9; *Coleman,* 114 F.3d at 787. The focus, in determining the propriety of punitive damages, is on the defendant's intent, and whether his conduct is of the sort that calls for deterrence and punishment over and above that provided by compensatory awards. *Coleman,* 114 F.3d at 787.

[5] It might also require the Court to put the plaintiff through the emotional wringer of a second hearing on damages, which the Court presumes the plaintiff would prefer to avoid.

- 4 -

2. The plaintiff shall promptly advise the Court upon filing of the Eighth Circuit's mandate in *Marsh v. Phelps Cty.*, No. 17-1260.

Dated this 5th day of April, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge